Creighton v. Keens.

JOHN H. CREIGHTON, APPELLANT, V. ALFRED KEENS ET AL.,
APPELLEES.

FILED NOVEMBER 12, 1914.   No. 17,887.

1. **Master and Servant:** INJURY TO SERVANT: ASSUMPTION OF RISK.  An
experienced workman left to his own discretion as to the manner
of performing a task under a general order, who selects a dangerous
method of doing the work instead of a safe method, which is equally
open to him, cannot recover from his employer for consequent
injury.

2. ———: ———: NEGLIGENCE.  An employer has the right to assume
that a man of mature years is possessed of the usual powers of
observation, and such knowledge and judgment as is acquired by
common experience.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE.  *Affirmed.*

*Guile & Guile,* for appellant.

*J. B. Strode, contra.*

LETTON, J.

After a former judgment for plaintiff in this case had
been reversed on appeal, a new trial was had upon the
same pleadings.  The essential parts of these are set forth
in the former opinion by Sedgwick, J., 89 Neb. 637.  At
the trial, at the close of the testimony on the part of plain-
tiff, defendants moved for a directed verdict.  The motion
was sustained and the cause dismissed.  From this judg-
ment plaintiff has appealed.

The main facts are detailed in the former opinion.  Much
stress is laid by plaintiff on the fact that, at the time he
went with Mr. Keens to look at the work in the church,
he suggested that the scaffolding ought to be erected by
carpenters, and that Keens then told him to use the ap-
pliances they had.  It appears, however, that the walls of
the main body of the church were about 40 feet high,
while those of the Sunday school room, in which the ac-

cident occurred, were much lower, and there is no proof that permanent scaffolding erected by carpenters was necessary or usual in painting walls of the height of those where the accident occurred. Plaintiff testified that the scaffold consisted of a single plank resting upon a trestle at one end and a ten-foot stepladder at the other, with a short stepladder of six or seven feet reaching from this plank to the wall; that the reason he could not have a wider scaffold was because the stepladder upon which the plank rested was not wide enough; that there was another trestle in the church that he could have used; that he helped another workman prepare this scaffold; that he supposed he spoke to him about getting the other trestle, but the other man's shoulder was dislocated, and he could not carry it from the other part of the church. He did not call one of the other men to bring it, although he could have done so. He admitted that at the former trial he testified as follows: "Q. If you had used the two trestles, instead of one trestle and a stepladder, would the scaffolding have fallen? A. It might not. * * * Q. Isn't it your judgment now, Mr. Creighton, that if you had used the two trestles to build up your scaffolding instead of using one stepladder and a trestle this accident would not have happened? A. Yes, sir." Furthermore, while admitting he could have done the work by using an ordinary ladder, his explanation why one was not used instead of the dangerous appliance is unsatisfactory.

Other witnesses for plaintiff testified that the use of the stepladder to support one end of the plank and the trestle to support the other was not as safe as if both trestles had been used, and that, if so used, the arrangement would have been as safe as most scaffolds. There is testimony that a small stepladder should not be used on the top of a ten-foot scaffold, but we cannot see its relevancy to the vital question in the case.

The plaintiff, who had some measure of direction of the work, though not a foreman, assisted in the erection of a defective and dangerous scaffold. This condition was so apparent that it would seem that almost any man of rea-

sonable understanding would have realized its precarious and unsafe nature. At the same time the means were at his disposal and near at hand with which to provide a safe one. He obviously assumed the risk of using the defective structure.

We think he was also guilty of contributory negligence. The principles are clearly stated, as follows: "An experienced servant left to his own discretion as to the manner of performing a task under a general order, who selects a dangerous method of doing the work instead of a safe method, which is equally open to him, cannot recover from the master for consequent injury. * * * The master has the right to assume that an experienced servant of mature years is possessed of ordinary mental faculties, the usual powers of observation, and such knowledge as is acquired by common experience." *Illinois C. R. Co. v. Swift,* 213 Ill. 307.

It is also said: "Where, however, the employee is not directed to do the work in a specific manner, but is given a general order to perform the task, and is himself left to use his own discretion as to the manner in which the work shall be done, and there exists a safe way and a dangerous way, which are equally open to him, if he selects the unsafe method through heedlessness or because it involves less exertion on his part, and injury to his person results, he cannot recover. *Pennsylvania Co. v. Lynch,* 90 Ill. 333; *Illinois C. R. Co. v. Sporleder,* 199 Ill. 184."

The district court did not err in directing the jury to find for defendant, and its judgment is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.